IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDY AKIENS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES T. WYNDER, et al.** | : | **NO.  06-5239** |

**M E M O R A N D U M**

RESTREPO, J.                                                   MARCH 24, 2014

Before the Court is the motion of Freddy Akiens for relief under Rule 60(b)(6) of the

Federal Rules of Civil Procedure.[1]  For the following reasons, the motion is denied.

**1.  BACKGROUND**

Petitioner has filed at least two prior habeas petitions and one previous Rule 60(b) motion

in this Court each related to the same state court conviction and sentence imposed on May 31,

1994, under at least three separate civil action numbers, respectively: 01-0396; 06-5239; and 08-

0445.  *See* Civ. A. No. 08-0445, Mem. & Order filed 2/9/09, at 1-4.  Petitioner also filed at least

three state post-conviction relief petitions in the Philadelphia Court of Common Pleas after the

judgment of conviction became final on direct appeal, each of which was denied or dismissed.

*Id.* at 2.

On November 7, 2001, Judge Giles dismissed without prejudice Akiens' first federal

habeas petition for failure to exhaust state remedies, *see* Civ. A. No. 01-0396.  Judge Giles

---

[1]Although this civil action was originally assigned to the calendar of the Hon. James T.
Giles, it was subsequently reassigned to me.

dismissed as untimely Akiens' second habeas petition on June 20, 2007.[2] *See* Civ. A. No. 08-0445, Mem. & Order filed 2/9/09, at 3. Our Court of Appeals subsequently denied a certificate of appealability. *Id.*

The Hon. Joel H. Slomsky denied Akiens' prior Rule 60(b) motion on February 9, 2009. *Id.* at 4-11. In that motion, Akiens again raised his actual-innocence claim. *Id.* at 9. In denying the Rule 60(b) motion, Judge Slomsky found, among other things, that Judge Giles properly dismissed the second habeas petition on the bases that the petition was untimely and that petitioner was not eligible for statutory or equitable tolling notwithstanding the alleged newly discovered evidence. *Id.* at 9-11.

Nineteen years after the state-court conviction and sentence which Akiens wishes to challenge and nearly six years after Judge Giles dismissed Akiens' habeas petition, based on the change in law brought about by *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), Akiens filed this Rule 60(b)(6) motion (at least his second Rule 60(b)(6) motion) challenging Judge Giles' June 20, 2007 Order dismissing his habeas petition.

## 2. Discussion

Federal Rule of Civil Procedure 60(b)(6) provides: "On motion and just terms, the court

---

[2]In particular, United States Magistrate Judge Sandra Moore Wells filed on April 26, 2007 a Report and Recommendation ("R&R") recommending that the habeas petition be dismissed in that Akiens had neither met statutory requirements nor shown equitable reasons to overcome the applicable time bar. Akiens filed objections to the R&R including his claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), based on petitioner's claim that a witness recanted his trial testimony identifying petitioner. Upon consideration of the R&R and Akiens' objections, Judge Giles approved and adopted the R&R and dismissed the petition. *See* Civ. A. No. 06-5239, Order filed 6/20/07.

may relieve a party . . . from a final judgment, order, or proceeding for . . . any .. . reason that justifies relief."  A party seeking such relief must demonstrate that he filed his motion within a "reasonable time" and the existence of "extraordinary circumstances."  Fed. R. Civ. P. 60(c)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).  *Gonzalez* forewarns petitioners that "[s]uch circumstances will rarely occur in the habeas context."  *Gonzalez*, 545 U.S. at 535; *Ryburn v. Ramos*, 2014 WL 51880, *2 (C.D. Ill. 2014) (quoting *Gonzalez*).  Moreover, in particular, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."  *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Ryburn*, 2014 WL 51880, at *2.

In evaluating a Rule 60(b) motion in the context of habeas review, the court must determine whether the restriction on successive petitions applies.  *See Gonzalez*, 545 U.S. at 529.  If the Rule 60(b) motion is "in substance a habeas corpus application," it shall be treated as a successive habeas petition.  *See Gonzalez*, 545 U.S. at 531; *see also Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).  In such a case, the district court does not have jurisdiction over the motion unless the petitioner is authorized by the court of appeals to file a successive petition.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Rule 60(b) permits challenges only to the manner in which the judgment on Akiens' habeas petition was obtained.  *See Gonzalez*, 545 U.S. at 532 (explaining that a Rule 60(b) motion is proper when it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings").  To the extent that Akiens' Rule 60(b) motion challenges the application of the statute of limitations when Judge Giles dismissed his habeas petition on June 20, 2007, the motion attacks the manner in

3

which his habeas petition was dismissed and may be treated as a motion under Rule 60(b)(6).

*See Pridgen*, 380 F.3d at 727 (finding that a Rule 60(b) motion regarding an alleged error in ruling on the habeas petition's statute of limitations was appropriate, while other claims more akin to collateral attacks were not).[3]

Akiens' Rule 60(b)(6) motion requests relief based on the change in law brought about by *McQuiggin*. *McQuiggin* held a state prisoner filing a first federal habeas petition may use a claim of actual innocence as a basis for invoking the equitably-based miscarriage of justice exception to overcome the 1-year statute of limitations for filing a federal habeas petition. *McQuiggin*, 133 S. Ct. at 1934; *Ryburn*, 2014 WL 51880, at *2 (citing *McQuiggin*). *McQuiggin* was decided 19 years after the conviction and sentence which Akiens wishes to challenge and nearly six years after Judge Giles entered his Order dismissing Akiens' habeas petition and "is a classic example of a legal development occurring after a valid final judgment." *See Ryburn*, 2014 WL 51880, at *2 (discussing the effect of *McQuiggin* as it relates to a state prisoner's Rule 60(b)(6) motion challenging a valid final judgment where the habeas petition was dismissed nearly three years prior to *McQuiggin* on the ground that the petition was untimely and that neither statutory nor equitable tolling applied despite petitioner's claim of actual innocence).

In *Gonzalez*, the Supreme Court held that a change in decisional law based on interpretation of the habeas statute of limitations did not constitute an extraordinary circumstance under Rule 60(b)(6) because the lower court had applied the prevailing interpretation at that time.

---

[3]Of course, to the extent that Akiens' Rule 60(b)(6) motion may be construed as including collateral attacks on his state-court judgment or sentence, this Court may not rule on the merits of his claims without the required authorization of our Court of Appeals. *See Pridgen*, 380 F.3d at 727.

*Gonzalez*, 545 U.S. at 536 (finding it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation"); *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) (explaining that "legal developments after a judgment becomes final do not qualify as extraordinary"); *Rogers v. Pfister*, 2013 WL 5745835, *2 (C.D. Ill. 2013) ("Legal developments after a judgment becomes final are not 'extraordinary circumstances' that justify relief under Rule 60(b)(6)."); *Ryburn*, 2014 WL 51880, at *3 (citing *Gonzalez*) ("Legal developments occurring after a judgment becomes final are not considered 'extraordinary circumstances' that justify relief under Rule 60(b)(6)."). Here, where Judge Giles applied the prevailing interpretation of the federal habeas statute of limitations at the time Akiens' habeas petition was dismissed,[4] the change in decisional law based on interpretation of the habeas statute of limitations in *McQuiggin* does not constitute an extraordinary circumstance under Rule 60(b)(6). *See Gonzalez*, 545 U.S. at 536; *Hill*, 722 F.3d at 938; *Ryburn*, 2014 WL 51880, at *3 (citing *Gonzalez*).

Similarly to *Gonzalez*, to the extent that *McQuiggin* reflects a different interpretation of the federal habeas statute of limitations relative to the precedent at the time of the dismissal of Akiens' habeas petition nearly six years prior to *McQuiggin*, *McQuiggin* does not constitute extraordinary circumstances justifying Rule 60(b)(6) relief. *See Gonzalez*, 545 U.S. at 536; *Hill*, 722 F.3d at 938; *Rogers*, 2013 WL 5745835, at *2 (holding change in law brought about by *McQuiggin* did not constitute "extraordinary circumstances" justifying Rule 60(b)(6) relief); *Ryburn*, 2014 WL 51880, at *3 (citing *Gonzalez*) (same); *see also Tamayo v. Stephens*, 740 F.3d

---

[4]Indeed, our Court of Appeals denied Akiens' a certificate of appealability, and Judge Slomsky, in denying Akiens' prior Rule 60(b) motion, affirmed Judge Giles' findings.

986, 990 (5th Cir. 2014) (in death penalty case, Court of Appeals affirmed denial of Rule 60(b) motion and found that *McQuiggin* and "change in decisional law" did not constitute "extraordinary circumstances").  Accordingly, Akiens' Rule 60(b)(6) motion is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDDY AKIENS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES T. WYNDER, et al.** | : | **NO.  06-5239** |

## O R D E R

    **AND NOW**, this 24th day of March, 2014, upon consideration of the motion of Freddy Akiens for relief under Fed. R. Civ. P. 60(b)(6) (ECF Document 21), for the reasons explained in the accompanying Memorandum, it is hereby **ORDERED** that Akiens' Rule 60(b)(6) motion is **DENIED**.

BY THE COURT:

   s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE